NOT DESIGNATED FOR PUBLICATION

Nos. 117,163
117,620

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

THOMAS E. BROWN JR.,
*Appellant*.


MEMORANDUM OPINION

Appeal from Sedgwick District Court; JEFFREY SYRIOS, judge. Opinion filed July 20, 2018.
Affirmed.

*Korey A. Kaul*, of Kansas Appellate Defender Office, for appellant.

*Boyd K. Isherwood*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*,
attorney general, for appellee.


Before LEBEN, P.J., STANDRIDGE, J., and RYAN W. ROSAUER, District Judge, assigned.


PER CURIAM: A jury convicted Thomas E. Brown Jr. of one count each of
possession of heroin with the intent to distribute, possession of marijuana, and failure to
maintain a single lane. As part of the defense's trial strategy, Brown's counsel expressly
stated that he was not requesting a lesser included offense instruction of simple
possession of heroin on the heroin distribution charge. But on appeal Brown argues the
district court erred in failing to give the instruction. Brown also challenges another jury

1

instruction on grounds that it misled the jury about its right to jury nullification. Finding no instruction error, we affirm.

FACTS

On February 27, 2013, Brown was arrested and charged with one count each of possession of heroin with the intent to distribute, possession of marijuana, and failure to maintain a single lane. During a search incident to the arrest, an officer found 48 small heroin-filled balloons in Brown's coat.

Before trial, the State submitted a list of proposed jury instructions, which the parties discussed at the instruction conference. While discussing the intent to distribute heroin charge, Brown's counsel expressly stated: "I would also add that I did not request a simple possession [of heroin instruction]." After considering the arguments of counsel, the district court decided it would not give the lesser included offense instruction because Brown was using an all-or-nothing defense strategy and because the "sheer amount of the heroin as it was packaged" in the 48 balloons did not support a lesser included offense.

The State's proposed jury instructions also included an instruction that read: "Your verdict must be founded entirely upon the evidence admitted and the law as given in these instructions." Brown's counsel did not object to this instruction and it ultimately was provided to the jury as Jury Instruction No. 10.

The jury convicted Brown on all charges. Brown filed posttrial motions for acquittal, for a new trial, for malicious prosecution, for leave to view the records of booking reports, and for an evidentiary hearing. The district court denied these motions.

ANALYSIS

1. *Lesser included instruction*

Brown argues the district court erred by failing to instruct the jury on the lesser included offense of simple possession of heroin, contending that the jury probably would have convicted him of the lesser included offense had the jury been given the option.

Because Brown did not request the lesser included instruction of simple possession, we will not reverse the verdict unless he can show that failing to give the instruction was clearly erroneous. See K.S.A. 2017 Supp. 22-3414(3). In reviewing for clear error, we first consider whether the instruction was legally and factually appropriate, using an unlimited review of the entire record. *State v. Louis*, 305 Kan. 453, 457-58, 384 P.3d 1 (2016). If we determine the instruction was erroneous, it requires reversal only if we are firmly convinced the jury would have reached a different verdict without it. *State v. Cooper*, 303 Kan. 764, 771, 366 P.3d 232 (2016). In evaluating whether an instruction rises to the level of clear error, we conduct an unlimited review of the entire record. *State v. Betancourt*, 299 Kan. 131, 135, 322 P.3d 353 (2014).

The State argues we should not consider Brown's claim of error because the failure to instruct on the lesser included offense was invited error. In support of this argument, the State notes that Brown's counsel expressly advised the court during the instruction conference that he was not requesting a lesser included offense instruction of simple possession of heroin on the distribution charge. Brown's counsel expressed fear that the jury would compromise and convict on the simple possession instruction if it could not find Brown guilty of intent to distribute heroin. Brown's counsel explained to the judge that opting not to request the lesser included instruction was a strategic decision:

> "My client has been very adamant with me he didn't want to plead to anything. I
> don't believe he wants the jury to consider a level five possession, because that would

3

still be a felony sentence. And there's some arguments both ways. Certainly I can argue that if they thought it was simply possession, not intent to distribute, that's just too bad, they've got to find him not guilty, and I have that argument in the arsenal without that lesser being given.

"So I am just advising the Court that if Mr. Brown wants me to request another felony charge then I will do that. I'm just making that record in case somebody wonders why I didn't submit it. I'm in the position right now where I can say, hey, if you think he only possessed without the intent then he's not guilty, which is an argument I don't have if I request a lesser."

Brown's counsel further stated: "I don't think that's a stupid decision to not request it. Mr. Brown has been adamant about not wanting to get any felonies on this case, and there's certainly some reason to think that that gives me a harder job to do to get him found not guilty."

Notably, the district court acceded to Brown's request and did not give the lesser included instruction of simple possession. Because Brown invited the error about which he now complains, we will not consider this claim of error on appeal. *State v. Angelo*, 287 Kan. 262, 280, 197 P.3d 337 (2008) ("A litigant may not invite and lead a trial court into error and then complain of the trial court's action on appeal.").

2. *Jury Instruction No. 10*

Brown claims the district court erred by instructing the jury that it must follow the law in arriving at a verdict. Specifically, Brown challenges Jury Instruction No. 10, which provides: "Your verdict must be founded entirely upon the evidence admitted and the law as given in these instructions." Brown argues instructing the jury that it must follow the law in arriving at a verdict necessarily deprived the jury of its right to render a verdict contrary to the evidence or the law, a practice referred to as jury nullification.

4

Brown's counsel did not object to this instruction. Again, when jury instructions are challenged for the first time on appeal, this court reviews the instructions for clear error. See K.S.A. 2017 Supp. 22-3414(3). This requires a two-step analysis. First, we must determine whether there was an error in the instruction, which is a question of law subject to unlimited review. If an error exists, then we must determine whether reversal is required. To reverse, we must be firmly convinced that the jury would have reached a different verdict had the error not occurred. This requires a de novo determination based on a review of the entire record. *State v. Williams*, 295 Kan. 506, 515-16, 286 P.3d 195 (2012).

Jury nullification has been defined by a prior panel of this court as:

> "'A jury's knowing and deliberate rejection of the evidence or refusal to apply the law either because the jury wants to send a message about some social issue that is larger than the case itself or because the result dictated by law is contrary to the jury's sense of justice, morality, or fairness.' [Citation omitted.]" *Silvers v. State*, 38 Kan. App. 2d 886, 888, 173 P.3d 1167 (2008).

Certainly, "'[j]ury nullification is always a possibility.'" 38 Kan. App. 2d at 890. If a defendant can present admissible evidence that plays on the jurors' sympathies or notions of right and wrong, there is nothing to stop a jury from acquitting the defendant, regardless of the law or the evidence. See 38 Kan. App. 2d at 890-91. Nevertheless, we are not persuaded instructing the jury that it must follow the law in arriving at a verdict deprives the jury of its right to render a verdict contrary to the evidence or the law.

In *State v. Naputi*, 293 Kan. 55, 66, 260 P.3d 86 (2011), the Kansas Supreme Court explained that "[i]t is not the role of the jury to rewrite clearly intended legislation, nor is it the role of the courts to instruct the jury that it may ignore the rule of law, no matter how draconian it might be." On the other hand, our Supreme Court has held that "a jury instruction telling the jury it 'must' or 'will' enter a verdict" is improper. *State v.*

5

*Smith-Parker*, 301 Kan. 132, Syl. ¶ 6, 340 P.3d 485 (2014). The court held that the wording of such an instruction came too close to "directing a verdict for the State. A judge cannot compel a jury to convict, even if it finds all elements proved beyond a reasonable doubt." 301 Kan. at 164.

Unlike the instruction provided by the court to the jury in *Smith-Parker*, however, the instruction in this case did not direct the jury to enter a particular verdict; instead, the instruction simply directed the jury that it must follow the law. This instruction is in line with the one sanctioned in *State v. Pennington*, 254 Kan. 757, 764, 869 P.2d 624 (1994). In that case, our Supreme Court held the following instruction provided sufficient direction to the jury: "'You should decide the case by applying these instructions to the facts as you find them.'" 254 Kan. at 764. The court went on to say that using the stronger term "'must'" in place of "'should'" in that instruction would be a better practice. 254 Kan. at 764. The propriety of instructing a jury that it must apply the instructions to the facts as it finds them is consistent with the Supreme Court's earlier decision in *State v. McClanahan*, 212 Kan. 208, Syl. ¶ 3, 510 P.2d 153 (1973), which held that "it is the proper function and duty of a jury to accept the rules of law given to it in the instructions by the court, apply those rules of law in determining what facts are proven and render a verdict based thereon." And directing the jury to follow the law also is consistent with the jury's oath under K.S.A. 2017 Supp. 60-247(d) to reach a verdict founded upon the evidence presented and the law as instructed, and the Legislature's directive under K.S.A. 22-3403(3) that, when trial is by jury, questions of law shall be decided by the court and issues of fact shall be determined by the jury.

For these reasons, we find the jury's inherent power to nullify existed regardless of the instructions at issue here; accordingly, we conclude the district court did not err by instructing the jury to follow the law in reaching its verdict.

Affirmed.

6